IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MEMORIAL HOSPITAL, INC.,

        Plaintiff,

v.

NEXTGEN HEALTHCARE INFORMATION
SYSTEMS, INC. and NEXTGEN HEALTHCARE
INFORMATION SYSTEMS, LLC,

        Defendants.

OPINION AND ORDER

12-cv-649-slc

---

## OPINION

This lawsuit arises out of a failed attempt to implement electronic health records software at the Memorial Medical Center hospital in Neillsville, Wisconsin. Plaintiff Memorial Hospital, Inc., the operator of the hospital, has sued the software company, defendants NextGen Healthcare Information Systems, Inc. and NextGen Healthcare Information Systems, LLC, (collectively, "NextGen"), asserting causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, fraud in the inducement and negligent misrepresentation. Jurisdiction is present under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the parties' citizenship is diverse.[1]

Before the court is defendants' motion to dismiss the case and order arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 4. The relevant facts and governing legal standards are not in dispute; the issue before the court is how to interpret the parties' contract. For the reasons stated below, I am granting the motion to compel arbitration and staying this case.

---

[1] Plaintiff is a Wisconsin non-stock corporation and defendants are a California corporation and limited liability company, respectively, operating principally in Pennsylvania with no Wisconsin residents as members.

In their motion, defendants contend that arbitration of the parties' dispute is required under Article XIII of the "Technology License & Integration, Support & Maintenance Services Agreement" that the parties entered in December 2010.  The entirety of the agreement consists of an 11-page main document, six exhibits (designated Exhibit A through Exhibit F[2]) and one addendum titled "Addendum #1."  Dkt. 10, Exh. 1.  Article XIII, titled "Dispute Resolution," appears in the main agreement and provides in relevant part:

> **13.1   Performance Review.**  In the event of any dispute, controversy, or claim between the parties hereto arising from or relating to the subject of this Agreement (a "**Dispute**"), upon the written request of either party, each of the parties shall appoint a designated officer to meet and negotiate in good faith to resolve such Dispute.  Formal proceedings for the arbitration of such Dispute in accordance with *Section 13.2* hereof may not be commenced until the earlier of (a) the expiration of sixty (60) days after the initial request for such negotiations, or (b) either of the designated officers concluding in good faith and notifying the other designated officer that amicable resolution through continued negotiation of the matter in issue does not appear likely.
>
> **13.2  Arbitration.**  Company and You stipulate and agree that if they are unable to resolve any Dispute as contemplated by *Section 13.1* hereof, then such Dispute shall be resolved by final and binding arbitration  . . .

In opposing arbitration, plaintiff does not argue that the disputes underlying the causes of action in the complaint are outside the scope of Article XIII, with good reason: the phrase "arising from or relating to the subject of this Agreement" necessarily creates a presumption of arbitrability.  *Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 910 (7th Cir. 1999).  Rather, plaintiff argues that Article XIII is not in effect *at all* because it was replaced by Section 19 of Addendum #1.  Addendum #1, which was signed the same day as the main agreement,

---

[2] Exhibit F has one attachment and one appendix, neither of which is material to the instant motion.

consists entirely of modifications to the main agreement and its attachments. It specifies that "[i]n the event of a conflict between the Agreement, any previously executed Addendum and the terms of this Addendum, the terms of this Addendum shall prevail." Addendum #1, preliminary paragraph B. Section 19 of Addendum #1 provides:

> Article XV of the Agreement shall be amended to reflect that any cause of action arising out of or related to this Agreement may only be brought by either party in the Court of applicable jurisdiction in the State of Wisconsin and the parties hereby submit to the jurisdiction and venue of such court.

According to plaintiff, the inclusion of Section 19 in Addendum #1 reflects the intent of the parties to replace Article XIII's dispute resolution procedure in favor of allowing the parties to litigate their disputes in the Wisconsin courts.

Because arbitration is a matter of contract, "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (citation and internal quotation marks omitted). That being so, because federal policy favors arbitration, "courts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms." *AT&T Mobility LLC v. Concepcion*, ___ U.S. ___, 131 S.Ct. at 1745 (2011)(citations omitted). To determine whether a contract's arbitration clause applies to a given dispute, federal courts apply state law principles of contract formation. *Gore v. Alltel Communications, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012) (citing *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 662 (7th Cir. 2002)).

Wisconsin courts interpret contracts in order to determine and give effect to the intentions of the parties, presuming that those intentions are expressed in the language of the contract. *Estate of Kriefall v. Sizzler USA Franchise, Inc.*, 2012 WI 70, ¶ 21, 342 Wis. 2d 29, 816 N.W. 2d 853. The parties' intent is derived from the unambiguous contract language, not from

3

how one party may interpret it. *Campion v. Montgomery Elevator Co.*, 172 Wis. 2d 405, 416, 493 N.W. 2d 244 (Ct. App. 1992).

Applying these rules of construction to the parties' contract in this case establishes that plaintiff's interpretation is wrong. Plaintiff's argument founders on its central premise, that is, that a conflict exists between Section 19 of the addendum and Article XIII of the main agreement. There is no conflict. As defendants point out, Section 19 specifies that its terms apply only to Article XV of the main agreement; it says nothing about Article XIII. Article XV, entitled "Miscellaneous," contains just that, a list of miscellaneous provisions commonly included in contracts, addressing topics such as authority to contract, notice requirements, severability, effective date and others. Clearly, Section 19 was intended to add to this list of miscellany a venue-selection clause, specifying that any litigation between the parties was to occur in Wisconsin.

Contrary to plaintiff's argument, nothing in Section 19 suggests that the parties meant to eviscerate Article XIII or to have all "disputes" litigated rather than arbitrated. Indeed, the parties did not use the term "dispute" in Section 19; they used the much narrower term "cause of action." Further, the provisions are not inherently contradictory. Notwithstanding the broad language of the arbitration provision, it does not forbid the filing of a lawsuit: a party may waive arbitration, file suit to obtain injunctive relief or, as in this case, file a suit that should be arbitrated instead. Section 19 simply provides that in the event a suit is filed, it must be filed in Wisconsin.

Because the two provisions can be reconciled in a way that gives effect to each of them, it is unnecessary to find that one controls over the other. *Milwaukee Police Supervisors' Organization v. City of Milwaukee*, 2012 WI App. 59, ¶ 17, 341 Wis. 2d 361, 815 N.W. 2d

4

391(court must construe contract to give effect to all provisions). Article XIII stands unaltered and requires the parties to arbitrate the instant dispute. Contrary to defendants' understanding, however, "the proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings rather than to dismiss outright." *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 732 n. 7 (7th Cir. 2005) (citing *Tice v. Am. Airlines, Inc.*, 288 F.3d 313, 318 (7th Cir. 2002)). Accordingly, the motion to compel arbitration will be granted, but this case will be stayed pending arbitration.

ORDER

IT IS ORDERED THAT:

Defendants' motion to dismiss this case and order the matter to arbitration is GRANTED IN PART and DENIED IN PART. The motion to order the matter to arbitration is GRANTED. However, the motion to dismiss the case is DENIED. Instead, this case shall be STAYED pending arbitration pursuant to 9 U.S.C. § 3.

Entered this 28th day of January, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge